# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **LISA LASARGE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-14836** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FASTEX LOGISTICS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Lisa Lasarge ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Fastex Logistics, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") and Illinois Human Rights Act, 775 ILCS5/ seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.   This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.    Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.     Counts IV, V, and VI have pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. Section 1367.

## ADMINISTRATIVE PREREQUISITES

5.     All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

6.     A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR")  (attached hereto as Exhibit "A").

7.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8.     At all times material to the allegations of this Complaint, Plaintiff, Lisa Lasarge, resides in Cook County in the State of Illinois.

9.     At all times material to the allegations in this Complaint, Defendant, Fastex Logistics, Inc., is an entity doing business in and for DuPage County and Cook County whose address is 256 Central Avenue, Unit 72974, Roselle, IL 60172.

10.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.     During the applicable limitations period, Defendant has had at least fifteen

2

employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

12. Plaintiff (female) was hired by Defendant as an OTR Class A Truck Driver on or about January 6, 2023, and was employed by Defendant until she was unlawfully terminated in or around June 2023.

13. Plaintiff performed a specific job which was an integral part of the business of Defendant.

14. Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class.

15. Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

16. During her employment for Defendant, Plaintiff met or exceeded Defendant's performance expectations in all areas, as she never received a write-up nor a negative performance remark during the duration of her employment.

17. From her hire on or about January 6, 2023 until in or around May 2023, Plaintiff drove refrigerated units for Defendant.

18. However, in or around May 2023, Plaintiff was informed that because business was slow she would have to be trained on driving a Conestoga trailer.

19. Defendant then flew Plaintiff from Florida where she had just delivered a load to Texas in order to complete an approximately two week long Conestoga trailer training with one of Defendant's employees.

20.    On or about May 15, 2023, Plaintiff was officially assigned to be trained by Gyulverd Agaverdiev during a route from Houston, to New Jersey, to Philadelphia.

21.    Unfortunately, during this training route, Mr. Agaverdiev egregiously sexually harassed Plaintiff.

22.    On one occasion, Mr. Agaverdiev groped Plaintiff, aggressively touching her breasts and grabbing her private area.

23.    Plaintiff immediately told Mr. Agaverdiev to never touch her again, explaining how uncomfortable she was.

24.    Initially, Plaintiff was nervous to report Mr. Agaverdiev, since he was her training supervisor and she anticipated worsening treatment from him and/or putting her job at risk if she reported the harassment and was unable to complete the training.

25.    Plaintiff reluctantly continued her training with Mr. Agaverdiev.

26.    As a truck driver, Plaintiff was required to sleep in the bed of the trailer, as Defendant did not make other overnight arrangements for their drivers.

27.    This company policy forced Plaintiff to spend nights sleeping in the same trailer bed alone with her harasser.

28.    One night, as Plaintiff and her harasser were preparing to go to sleep, Mr. Agaverdiev pulled out a bottle of wine, suggesting to Plaintiff that they drink it together.

29.    Plaintiff adamantly refused these unwanted advances, and attempted to distance herself from Mr. Agaverdiev.

30.    However, this did not deter Mr. Agaverdiev, and the following morning, Plaintiff awoke to Mr. Agaverdiev grabbing her buttocks.

31.    Plaintiff jumped up and objected to this physical assault, as this assault was

traumatic, and left Plaintiff extremely uncomfortable, traumatized, and violated.

32.     Plaintiff, having endured continuous harassment throughout her training route, left the trailer and immediately texted her boss, Alexandru (Alex) Cosciuc, to report Mr. Agaverdiev sexually harassing and assaulting her.

33.     Mr. Cosciuc called Plaintiff to inquire about what had occurred.

34.     When Plaintiff told him the above specifics, Alex told Plaintiff to not report the incident to the police.

35.     Shocked, Plaintiff reiterated her discomfort with being around Mr. Agaverdiev and asked Alex if he was going to do anything to remedy the situation.

36.     Mr. Cosciuc then offered to arrange for Plaintiff's return home to Illinois.

37.     Plaintiff graciously agreed, and began packing her belongings over the objections of Mr. Agaverdiev.

38.     However, immediately upon hanging up the phone, Alex informed Plaintiff via email and/or text message that a urine drug test she had taken per company policy on May 9, 2023 had yielded a positive result for tetrahydrocannabinol (THC).

39.     This result left Plaintiff perplexed, as she does not use THC or any other illegal substance.

40.     Plaintiff informed Alex that this result was inaccurate and inquired as to what could be done to prove the false-positive.

41.     Alex ignored Plaintiff's position, and instead informed Plaintiff that upon her return home she would have to complete a Substance Abuse Professional (SAP) return-to-work program in order to continue her employment with Defendant.

42.     It became apparent to Plaintiff that she was only being brought home to complete the SAP program, and that Alex had not actually brought her home to escape the sexual harassment.

43.     Due to flight delays and the flights that Defendant purchased for Plaintiff, Plaintiff did not return home to Illinois until on or about May 20, 2023.

44.     Because Plaintiff still wished to dispute the earlier drug test results, she scheduled a hair follicle drug test for that same day at an independent lab.

45.     Upon information and belief, hair follicle drug tests are regarded as more accurate than urine drug tests by laboratories.

46.     On or about May 24, 2023, Plaintiff received the results of this drug tests, which indicated a negative outcome for any substance abuse.

47.     Plaintiff promptly informed Mr. Cosciuc of these results.

48.     However, Alex disregarded the negative results from an independent laboratory and informed Plaintiff that she would still have to complete the SAP program.

49.     Plaintiff, not wanting to lose her job, completed the SAP program on or about May 24, 2023 and May 25, 2023.

50.     Defendant scheduled a doctor's appointment with the SAP program doctor, per program policy, for Plaintiff on or about May 30, 2023.

51.     In connection with this doctor's appointment, Plaintiff was asked to undergo another urine drug test with an independent laboratory.

52.     These results came back negative for any substance abuse that same day, and Plaintiff received her official return to work notice.

6

53. Plaintiff was pleased that she was able to return to work and believed that she had gotten her job back.

54. However, without explanation, on or about June 12, 2023, Plaintiff was instructed to undergo another urine drug test.

55. This test came back positive.

56. Once again, Plaintiff vehemently objected to these results and pleaded with Alex, explaining that the results had to be a false positive.

57. Nevertheless, Alex terminated Plaintiff's employment, using the inaccurate drug test results as his reason.

58. In reality, Plaintiff was terminated on the basis of her sex and in retaliation for reporting sexual harassment.

59. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to, as the individual that repeatedly sexually harassed Plaintiff was the employee of Defendant and had supervisory authority over Plaintiff.

60. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- by lodging direct complaints to Alexandru Cosciuc and/or Defendant.

61. The explicit, degrading, and traumatic sexual assault has had a lasting impact on Plaintiff, who continues to struggle with the emotional aftermath to this day.

62. Plaintiff is currently seeking mental health treatment to deal with this emotional aftermath.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

63. Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

64. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

65. Defendant knew or should have known of the harassment.

66. The sexual harassment was unusually severe or pervasive.

67. The sexual harassment was extremely offensive subjectively and objectively.

68. The sexual harassment was unwelcomed.

69. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

70. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

71. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

72. Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

73. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, female, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

74.     Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant, as evidenced by the lack of write-ups and negative performance remarks.

75.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

76.     Plaintiff's was terminated on the basis of Plaintiff's sex.

77.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

78.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

79.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

80.     Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

81.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

82.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

83.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000e, *et seq.*

84.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

85.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

86.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, including but not limited to defamatory publication of inaccurate drug test results and termination of her employment with Defendant.

87.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

88.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

89.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Illinois Human Rights Act (775 ILCS5/)
### (Sexual Harassment)

90.     Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

91.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Illinois Human Rights Act (775 ILCS5/).

92.     Defendant knew or should have known of the harassment.

93.     The sexual harassment was unusually severe or pervasive.

94.     The sexual harassment was offensive subjectively and objectively.

95.     The sexual harassment was unwelcomed.

96.     Plaintiff is a member of a protected class under Illinois Human Rights Act (775 ILCS5/), due to her sex, female.

97.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

98.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT V
### Violation of the Illinois Human Rights Act, 775 ILCS5/
### (Sex-Based Discrimination)

99.     Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

100.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Illinois Human Rights Act, 775 ILCS5/.

101.    Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

102.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class, female.

103.    Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

104.    Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex, female.

105.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

106.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of Illinois Human Rights Act (775 ILCS5/)**
**(Retaliation)**

107.    Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

108.    Plaintiff is a member of a protected class under the Illinois Human Rights Act, 775 ILCS5/.

109.    During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment, sexual assault, and sex-based discrimination that she was continuously subjected to.

110.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Illinois Human Rights Act, 775 ILCS5/.

111.    In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaints of continuous sexual harassment and sex-based discrimination.

112.    Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

113.    Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity and reporting sexual harassment, including but not limited to defamatory publication of inaccurate drug test results and termination of her employment with Defendant.

114. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and sex-based discrimination, thereby violating the Illinois Human Rights Act, 775 ILCS5/.

115. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

116. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

     a.     Back pay and benefits;

     b.     Interest on back pay and benefits;

     c.     Front pay and benefits;

     d.     Compensatory damages for emotional pain and suffering;

     e.     Pre-judgment and post-judgment interest;

     f.     Injunctive relief;

     g.     Liquidated damages;

     h.     Punitive damages;

     i.     Reasonable attorney's fees and costs; and

     j.     For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 12th day of October, 2023.

/s/ *Chad W. Eisenback*

**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*