IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA LASARGE, <br><br> Plaintiff, <br><br> v. <br><br> FASTEX LOGISTICS, INC., <br><br> Defendant. | Case No. 23 C 14836 <br><br> Honorable Sunil R. Harjani |

**MEMORANDUM OPINION AND ORDER**

  Before the Court is Defendant Fastex Logistics, Inc.'s Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). In this lawsuit, Plaintiff Lisa Lasarge alleges sexual harassment, sex-based discrimination, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Illinois Human Rights Act ("IHRA"). In its motion, Defendant argues the case lacks subject matter jurisdiction as Defendant does not qualify as an employer and Plaintiff does not qualify as an employee under Title VII's definitions. Additionally, Defendant argues that its liability for the alleged harassment was discharged by removing Plaintiff from her alleged harasser, and that the sole basis for Plaintiff's termination was her failure to pass two drug tests. For the reasons stated below, Defendant's motion to dismiss [21] is denied.

**Discussion**

  At the outset, Defendant's Rule 12(b)(1) motion to dismiss can be easily denied. A 12(b)(1) motion challenges whether the Court has subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendant contends that the Court lacks jurisdiction over Plaintiff's claims because Defendant is not an employer and Plaintiff is not an employee under Title VII's definitions. But Defendant incorrectly asserts that the 15-employee threshold is a jurisdictional barrier. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515-16 (2006). A failure to meet Title VII's definitional requirements is actually an aspect of a Rule 12(b)(6) failure to state a claim. *Id.* Furthermore, even if Defendant had raised this issue under Rule 12(b)(6), it would still fail because Plaintiff's complaint sufficiently alleged that Defendant is an employer with 15 or more employees and that Plaintiff is an employee of Defendant. Compl. [1] ¶¶ 10-11. Because Title VII's definitional requirements are not jurisdictional, Defendant's Rule 12(b)(1) motion to dismiss is denied.

  Turning to Defendant's Rule 12(b)(6) motion to dismiss, this motion challenges whether the complaint states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To meet this qualification, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the federal notice-pleading standard, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what

the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555). Defendant has moved to dismiss Counts I through VI of the Complaint, and the Court addresses them by the nature of the claims below.

### Counts I and IV: Sexual Harassment

Title VII and IHRA make it a civil rights violation for an employer to fail to reasonably respond to workplace harassment when it has been made aware of such conduct. A plaintiff states a claim for sexual harassment under Title VII and the IHRA by alleging that: "(1) she endured unwelcome sexual harassment; (2) she was harassed because of her sex; (3) the harassment was so severe or pervasive that it altered the conditions of employment and created a hostile work environment; and (4) there is a basis for employer liability." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 928 (7th Cir. 2017). Here, Plaintiff sufficiently alleges that she endured unwelcome sexual harassment. Specifically, the Complaint states that Plaintiff was groped by her training supervisor multiple times. Compl. [1] ¶¶ 21-23, 28-32. She made it clear through verbal and physical communication that these advances were unwelcomed. *Id*. The alleged harassment was on the basis of her sex and was severe to the point of creating a hostile work environment. *Id*. at ¶¶ 15, 24. Specifically, the harassment made her "uncomfortable" in her work environment and nervous about the potential consequences of reporting the behavior because "she anticipated worsening treatment from him [her harasser] and/or putting her job at risk if she reported the harassment and was unable to complete the training." *Id*. at ¶¶ 23-24, 31. Accordingly, Plaintiff has sufficiently pled a basis for employer liability in that the harassment was perpetrated by a supervisor, and that Defendant was made aware of the harassment and failed to take reasonable care in remedying it. *Id*. at ¶¶ 15, 32, 59.

Defendant argues that it addressed the alleged harassment by having Plaintiff removed from the situation and flown home. This argument is unavailing. Plaintiff acknowledges that her boss arranged for her to return home after she reported her harassment. *Id.* at ¶ 36. However, Plaintiff has not pled herself out of court by acknowledging Defendant's actions to separate her from her harasser. *See Smith v. Sheahan*, 189 F.3d 529, 535 (7th Cir. 1999) (holding that a jury could reasonably find that an employer that separated sexual harassment plaintiff from her harasser negligently failed to remedy the harassment). The question that must be answered is whether Defendant's "response to the harassment was a reasonable one, designed to remedy the illegal harassment, or a negligent one that did not adequately respond to the situation in its midst." *Id*. Though Defendant had Plaintiff separated from her harasser after she reported her harassment, it is plausible that Defendant was nonetheless negligent in not remedying the harassment.

### Counts II and V: Sex-Based Discrimination

Discrimination against an individual on the basis of sex is a civil rights violation under Title VII and the IHRA. "[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). The Complaint alleges that: (1) Plaintiff is female; (2) that she faced the adverse employment action of unlawful termination; and (3) that this termination was on the basis of her

2

sex because she was terminated for reporting a male supervisor who sexually harassed her. Compl. [1] ¶¶ 12, 32, 57-58. Plaintiff has, therefore, sufficiently pled a claim for sex-based discrimination.

Defendant argues that Plaintiff was terminated solely on the basis of her two failed drug tests. While Plaintiff responds that the failed drug tests were false-positives, she does not deny that the tests were positive. Compl. [1] ¶¶ 38-39, 55-56. However, Plaintiff does not plead herself out of court by alleging facts that suggest a possible alternative basis for her termination. *See Tamayo*, 526 F.3d at 1086 (holding that Plaintiff who alleged non-mutually exclusive alternative motivations for termination beyond discrimination and retaliation did not plead herself out of court). It is plausible that Plaintiff's sex was a motivating and discriminatory factor for her termination in addition to her failed drug tests.

### Counts III and VI: Retaliation

Under Title VII and the IHRA, it is a civil rights violation to retaliate against a person because that person has opposed conduct constituting unlawful discrimination. To plead a retaliation claim, "a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). Plaintiff alleges that she engaged in a protected activity through her reporting of her sexual harassment and assault to her boss. Compl. [1] ¶ 32. Further, she sufficiently alleges that she was subject to an adverse employment action (her termination), and that her termination was a result of engaging in the protected activity of reporting her harassment. *Id*. at ¶¶ 57-58. Defendant again argues that Plaintiff was terminated exclusively because of her two failed drug tests. As discussed above, Plaintiff has not pled herself out of court because it is not implausible that Plaintiff's reporting of her harassment was a motivating factor for retaliatory termination alongside her failed drug tests.

Finally, Defendant requests the Court review the briefing at issue as a motion for summary judgment given the attachment of materials, including affidavits, outside of the pleadings. Under Federal Rule of Civil Procedure 12(d), when such extraneous materials are brought forth, the court has discretion to either exclude the materials or consider the materials and convert the motion to a motion for summary judgment. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). The Court declines to covert this motion to a motion for summary judgment. The proceedings are in infancy, it does not appear that discovery has commenced, and Plaintiff has not been provided an opportunity to investigate and contest the factual information in those attachments. *See Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008) (noting impropriety of conversion to summary judgment where plaintiff had not had "an opportunity both to present and to support" an assertion that contested factual information presented in extraneous materials brought by defendant).

3

**Conclusion**

      For the reasons stated above, Defendant's motion to dismiss [21] pursuant to Fed. R. Civ. P. 12(b)(1) and (6) is denied.

**SO ORDERED.**

Dated: June 14, 2024

                                                  Sunil R. Harjani
                                                  United States District Judge